UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MINAJ HOLDINGS LIMITED, NIGERIA,
UNION BANK OF NIGERIA, PLC,
BANQUE INTERNATIONAL DE BENIN,

                              Plaintiffs,        NOTICE OF REMOVAL

          -against-

PROGRESS BULK CARRIERS, LTD.,

                              Defendant.
-----------------------------------------------------------X

12 CV 2948

JUDGE RAMOS

      Pursuant to 28 U.S.C. §§1332 and 1441, defendant, Progress Bulk Carriers, Ltd. ("Defendant") hereby files this Notice of Removal, removing to the United States District Court for the Southern District of New York the case brought by plaintiffs, Minaj Holdings Limited, Nigeria; Union Bank of Nigeria, PLC and Banque International De Benin, in the Supreme Court of the State of New York, County of Westchester, Index No.: 58777/2012. In support of its notice and grounds for removal, Defendant, states as follows:

      1.     On March 15, 2011, Med Brokerage & Management Corp. was served at 29 Continental Place, Glen Cove, NY, with the Summons and Complaint attached hereto as Exhibit A.

      2.     This Notice of Removal is filed within 30 days after receipt by Med Brokerage & Management Corp. of service of this Complaint and is therefore timely filed under 28 U.S.C. §1446(b).

      3.     According the Summons and Complaint, plaintiff Minaj Holdings Limited, Nigeria, is a foreign business entity organized and existing under the laws of the State of Nigeria.

4. According to the Complaint, plaintiff Union Bank of Nigeria PLC, is a foreign business entity organized and existing under the laws of the State of Nigeria.

5. According to the Complaint, plaintiff Banque International Du Benin, is a foreign business entity organized and existing under the laws of Benin.

6. According to the Complaint, defendant Progress Bulk Carriers, Ltd. is a foreign business entity duly organized under the laws of the Bahamas.

7. Plaintiff's Complaint alleges that the defendant breached an agreement to deliver cargo in Cotonou, Benin where it was diverted to Lome, Togo and the cargo was never delivered. Plaintiffs assert damages of $3,847,500.00. Thus this is a civil action in which Plaintiffs' prayer for relief exceeds the $75,000.00 requirement in 28 U.S.C.§ 1332.

8. For the foregoing reasons, this Court has original jurisdiction of this civil action pursuant to 28 U.S.C.§ 1332(a)(1) as it is a matter between citizens of different states with the amount in controversy exceeding $75,000.00 exclusive of interests and costs. Removal is proper under 28 U.S.C. §1441(a) because this Court has diversity jurisdiction.

9. Accordingly, there is complete diversity of citizenship in this action and this case is removable on that basis.

10. By filing this notice, Defendant does not waive any available substantive or jurisdictional defenses.

11. The allegations in Plaintiffs' Complaint filed in the Supreme Court of the State of New York, Westchester County, are sufficient to establish diversity jurisdiction under 28 U.S.C. §1332. Plaintiffs and Defendants are, in fact, citizens of different states, and the amount in controversy far exceeds $75,000.00. Therefore the United States District Court for the Southern District of New York has original diversity jurisdiction over this matter. Accordingly, Defendant

respectfully requests that this action be removed, based on diversity to the United States District Court of the Southern District of New York, pursuant to 28 U.S.C. § 1441.

Dated: Bronxville, NY
       April 13, 2012

Respectfully Submitted,

Timothy G. Griffin, Esq. (TG 0584)
Law Offices of Timothy G. Griffin
77 Pondfield Road
Bronxville, New York 10708
914-771-5252

Case 7:12-cv-02948-NSR   Document 1   Filed 04/13/12   Page 4 of 11

FILED: WESTCHESTER COUNTY CLERK 11/17/2011

NYSCEF DOC. NO. 1

INDEX NO. 58777/2011

RECEIVED NYSCEF: 11/17/2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------x

MINAJ HOLDINGS LIMITED, NIGERIA,
UNION BANK OF NIGERIA PLC,
BANQUE INTERNATIONAL DU BENIN,     :     Index No.

                              Plaintiffs,     :     **SUMMONS**

    - against -     :

PROGRESS BULK CARRIERS LTD.,     :

                              Defendant.     :

-------------------------------------------------------x

TO:  THE ABOVE NAMED DEFENDANTS

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service [or within (30) days after the service is complete if this summons is not personally delivered to you within the State of New York]; and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the location of the Defendant's principal office.

Dated: New York, New York
        November 17, 2011

                                    CLYDE & CO U.S. LLP

                                    By: *Nicholas Magali*
                                    Christopher Carlsen
                                    Nicholas Magali
                                    405 Lexington Avenue, 16th Floor
                                    New York, New York 10174
                                    (212) 710-3900

                                    Attorneys for Plaintiffs
                                    Minaj Holdings Limited, Nigeria,
                                    Union Bank of Nigeria Plc, Banque
                                    International Du Benin

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
MINAJ HOLDINGS LIMITED, NIGERIA,
UNION BANK OF NIGERIA PLC, BANQUE
INTERNATIONAL DU BENIN,                                  Index No.:

                           Plaintiffs,        **VERIFIED COMPLAINT**

      - against -

PROGRESS BULK CARRIERS LTD.,

                           Defendant.
-------------------------------------------------------------X

Plaintiffs MINAJ HOLDINGS LIMITED, NIGERIA ("Minaj"), UNION BANK OF NIGERIA PLC ("Union Bank") and BANQUE INTERNATIONAL DU BENIN ("BIBE") (collectively "Plaintiffs"), by and through their attorneys, Clyde & Co US LLP, as and for their Verified Complaint against the Defendant PROGRESS BULK CARRIERS LTD. ("Defendant"), allege upon information and belief as follows:

## PARTIES

1. At all times material hereto, Plaintiff Minaj was and is a foreign business entity duly organized and existing under the laws of Nigeria.

2. At all times material hereto, Plaintiff Union Bank was and is a foreign business entity duly organized and existing under the laws of Nigeria.

3. At all times material hereto, Plaintiff BIBE was and is a foreign business entity duly organized and existing under the laws of Benin.

4. Upon information and belief, at all times material hereto, Defendant was and is a foreign business entity duly organized and existing under the laws of the Bahamas.

5. Upon information and belief, at all times material hereto, Defendant is a carrier engaged in the providing for the international transportation of goods by sea.

6. Upon information and belief, at all times material hereto, Defendant is doing business in the State of New York.

7. Upon information and belief, at all times material hereto, Defendant maintains its office for the transaction of business at 25 Main Street, Hastings-on-Hudson, New York.

8. Upon information and belief, at all times material hereto, Defendant has an agent for the service of process, American Corporate Technical Services, Inc., at 25 Main Street, Hastings-on-Hudson, New York.

9. Upon information and belief, at all times material hereto, Defendant has a general managing agent, Med Brokerage & Management Corp., with offices at 29 Continental Place, Glen Cove, New York 11542 and 29 Broadway, Suite 1506, New York, New York 10006.

## VENUE

10. Venue is proper in this county pursuant to CPLR 503(c) because Defendant's principal office is located in Westchester County.

## GENERALLY AS TO ALL COUNTS

11. On or about July 23, 2009, Rizhao Qihan International Trading Co Ltd ("Rizhao") entered into a contract with Plaintiff Minaj whereby Rizhao agreed to sell, and Plaintiff Minaj agreed to buy, 420,000 metric tons (MT) (=/- 5 %) Ordinary Portland Cement at $95/MT ton at a total price of $39,900,000 (the "Contract").

12. Under the Contract, vessels were to be nominated by Rizhao, loaded with partial shipments in China and delivered to Plaintiff Minaj at nominated Nigerian ports.

13. A shipment of 40,500 MT of Ordinary Portland Cement (the "cargo") was loaded onto the vessel NIKITA A (which since has been renamed the EAGLE N) in Rizhao, China on or about October 26, 2009 and was due to be delivered to Onne Port, Nigeria.

14. The vessel issued a bill of lading on October 26, 2009.

15. Defendant is the carrier listed on the bill of lading.

16. Plaintiff Union Bank is the named consignee under the bill of lading and was the original lawful holder of the bill of lading.

17. Plaintiff Union Bank provided the credit facilities to Plaintiff Minaj necessary for the transaction.

18. On or about December 8, 2009, the vessel arrived in Nigeria but failed to discharge the cargo because the vessel arrived with a draft of approximately 11.5 meters despite the fact that the contract provided that all vessels nominated by Rizhao would have arrival drafts of not more than 8.5 meters.

19. Arrangements were made to divert the vessel to Cotonou, Benin, for the cargo to be unloaded by way of mid-stream discharge.

20. The bill of lading was endorsed to Plaintiff BIBE (a subsidiary of Union Bank) who then became the lawful holder of the bill of lading against which the partial discharge took place.

21. The vessel disappeared before discharge of the cargo was completed.

22. The cargo was taken to Lome, Togo but attempts to recover the cargo in that country have been unsuccessful.

23. Defendant failed to deliver the cargo.

24. Plaintiffs paid the contract price of $3,847,500 with respect to the cargo.

3

25. Plaintiffs each are buyers of the cargo carried under the bill of lading and, by virtue of financial arrangements that pre-dated the partial discharge of the goods, have been damaged by Defendant's failure to deliver the cargo and are each entitled to bring this action under the contract.

## FIRST COUNT

26. Plaintiffs have complied with all of their duties and obligations with respect to the transaction.

27. Defendant breached the contract of carriage evidenced by the bill of lading by failing to discharge its duty as carrier to deliver the cargo.

28. As a result of Defendant's breach of the contract, Plaintiffs have sustained damages in the total principal amount of $3,847,500, exclusive of interest, costs and attorneys fees.

## SECOND COUNT

29. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 28, inclusive of this Complaint as if fully set forth herein at length.

30. Defendant was required to deal with the cargo using such standard of care in the transport, loading, storage, delivery and care of the cargo commonly expected of common carriers, whose business involves the transporting of property committed to its charge by others.

31. Defendant failed to exercise proper care in the treatment, care, delivery, storage and transport of the cargo in that they negligently and improperly failed to deliver the cargo to Plaintiffs.

32. As a direct and proximate result of the foregoing negligence of Defendant, Plaintiffs have been damaged in the amount of $3,847,500, exclusive of interest, costs and attorneys fees.

### THIRD COUNT

33. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 32, inclusive of this Complaint as if fully set forth herein at length.

34. Defendant received payment despite the fact that Defendant never delivered the cargo.

35. The receipt of payment by Defendant constitutes an unjust enrichment of Defendant at Plaintiffs' expense.

36. As a result of the unjust enrichment of Defendant, Plaintiffs have been damaged in an amount $3,847,500, exclusive of interest, costs and attorneys fees.

WHEREFORE, Plaintiffs pray that this Court enter Judgment in its favor and against the Defendant on the claims set forth herein in the principal sum of $3,847,500, together with interest, attorneys' fees and costs incurred in this action, and grant Plaintiffs such other, further and different relief as the Court may deem just and proper.

Dated: November 17, 2011
New York, New York

                CLYDE & CO US LLP

By: *Nicholas Magali*
      Christopher Carlsen
      Nicholas Magali
      405 Lexington Avenue
      New York, New York 10174
      Tel: (212) 710-3900
      Fax: (212) 710-3950
      Attorneys for Plaintiff

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

1. My name is Nicholas Magali.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney with the firm of Clyde & Co US LLP, attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are business organizations with no officers or directors now within this County.

6. The source of my knowledge and the grounds for my beliefs are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated: November 17, 2011
New York, New York

_____
Nicholas Magali

Sworn to before me this 17 day of November, 2011

_____
Notary Public

PATRICIA A. DONNELLY
Notary Public, State of New York
No. 01DO5087441
Qualified in New York County
Commission Expires Nov. 30, 2013

6